09-2293-ag
Ye v. Holder

BIA
Brennan, IJ
A097 449 578

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29ᵗʰ day of April, two thousand ten.

PRESENT:
> ROGER J. MINER,
> GUIDO CALABRESI,
> ROBERT A. KATZMANN,
> *Circuit Judges.*

_____

GUANG XIN YE,
> *Petitioner,*

> v.                                     09-2293-ag
>                                        NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        John W. Reinhardt, Huntington, N.Y.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; David V. Bernal, Assistant
                       Director; Jennifer Paisner Williams,
                       Senior Litigation Counsel, Office of
                       Immigration Litigation, United
                       States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Guang Xin Ye, a native and citizen of the People's Republic of China, seeks review of a May 4, 2009 order of the BIA affirming the November 8, 2007 decision of Immigration Judge ("IJ") Noel Brennan denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Guang Xin Ye,* No. A097 449 578 (B.I.A. May 4, 2009), *aff'g* No. A097 449 578 (Immig. Ct. N.Y. City Nov. 8, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. We review the agency's factual findings under the substantial evidence standard, upholding them if they are supported by "reasonable, substantial and probative evidence in the record." *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009) (internal quotation marks omitted). We review *de novo*

questions of law and the agency's application of law to undisputed fact. *Id*.

The agency's finding that Ye failed to establish past persecution on account of any alleged "other resistance" to the family planning policy is supported by the record. Ye is not automatically eligible for refugee status based on his wife's forced abortion. *See Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 309-10 (2d Cir. 2007). Instead, he must demonstrate that he engaged in resistance to a coercive population control program *and* suffered past persecution or has a well-founded fear of future persecution on account of such resistance. *See id*.

The agency reasonably found that Ye's testimony that he was threatened with sterilization failed to establish that he suffered past persecution on account of any such resistance. *See Gui Ci Pan v. U.S. Att'y Gen.*, 449 F.3d 408, 412 (2d Cir. 2006) (noting that "[t]his Court, and others, previously have rejected . . . claims [that] 'unfulfilled' threats" constitute persecution). The agency also reasonably found that any fear Ye had of returning to China, including his fear of the repercussions should he have more children in the future, was too speculative to merit relief. *See Jian Xing Huang v. I.N.S.*, 421 F.3d 125,

3

129 (2d Cir. 2005). Accordingly, we need not reach Ye's argument that he resisted the policy because even if he did, he was not persecuted and does not have a well-founded fear of future persecution as a result. *See Xia Fan Huang v. Holder*, 591 F.3d 124, 130 (2d Cir. 2010).

Because Ye was unable to meet his burden for asylum, he necessarily failed to meet the higher burden required for withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006). Ye has waived any challenge to the agency's denial of CAT relief. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk

4